IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ANDREA CROWN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   Case No. 10-0730-CV-W-ODS |
| | ) |
| U.S. BANK., N.A., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER (1) DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS; (2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; AND (3) DISMISSING ACTION WITHOUT PREJUDICE

Pending are Plaintiffs Andrea Crown's and Ken Auman's pro se motions to proceed in forma pauperis, attached to which are copies of Plaintiffs' Complaint (Docs. 1, 3). Also pending is Plaintiffs' motion for a temporary restraining order (Doc. 5). The three named defendants in this suit are U.S. Bank, N.A., "as Trustee for Certificate Holders, for Bear Stearns Assetbacked Certificates, Series 2005-AC5," the law firm of Martin, Leigh, Laws & Fritzlen, P.C. (MLLF), and the State of Missouri.

Plaintiffs allege MLLF initiated a lawsuit[1] (which Plaintiffs term a "foreclosure sale") on behalf of U.S. Bank in Jackson County Circuit Court and that the state court granted summary judgment in favor U.S. Bank. Plaintiffs claim the state court "corruptly" granted summary judgment in favor of U.S. Bank only after considering evidence in violation of the best evidence rule and improperly denying various motions. Plaintiffs maintain that they[2] planned to appeal the state court's ruling, but the court

---

[1] Plaintiffs also refer to an "Unlawful Detainer case, Case No. 1016CV0010." It is unclear whether this case and the suit Plaintiffs term a "foreclosure sale" are the same. What is clear, however, is that Plaintiffs are challenging one or more adverse state court judgments.

[2] It is unclear whether Auman was also involved in the state court litigation; however, since Auman's interests are aligned with Crown's in this action, the Court will

barred them from doing so after determining that their motion to proceed in forma pauperis was not "'credible.'" Plaintiffs further complain that "[t]he State Appellate Court conspired and currently . . . the State of Missouri is set to send out men with guns and handcuffs to use violence to remove occupants from the subject property," indicating that the eviction is scheduled for Monday, July 26, 2010. Plaintiffs claim their property is being taken by Defendants without Due Process of law and seek an injunction prohibiting U.S. Bank from foreclosing on properties in Missouri and from evicting Plaintiffs on July 26, 2010, as well as other relief.

This action must be dismissed. Under the *Rooker-Feldman* doctrine, federal district courts have no jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Knutson v. City of Fargo*, 600 F.3d 992, 995 (8th Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)). This doctrine "forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions." *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir. 2000), *cert. denied*, 531 U.S. 1183 (2001). *Rooker-Feldman* stands as a bar to federal review because Plaintiff's requested relief "'would effectively reverse the state court decision or void its ruling.'" *Johnson v. City of Shorewood, Minnesota*, 360 F.3d 810, 819 (8th Cir.) (citation omitted), *cert. denied*, 543 U.S. 810 (2004).

This Court does not have federal jurisdiction over Plaintiffs' lawsuit. The Court denies Plaintiffs' motions to proceed in forma pauperis and their motion for a temporary restraining order. This action is dismissed without prejudice.
IT IS SO ORDERED.

                                                             /s/ Ortrie D. Smith
                                                             ORTRIE D. SMITH, JUDGE
DATE: July 23, 2010                        UNITED STATES DISTRICT COURT

---

refer to both plaintiffs as participants in the underlying litigation in state court.